UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. SIMPSON, SR.,

      Plaintiff,

v.                       Case No:  2:22-cv-94-JES-NPM

WASTE PRO OF FLORIDA, INC.,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Acceptance of Defendant's Offer of Judgment (Doc. #14) filed on May 3, 2022, and Corrected Notice in Support of Plaintiff's Acceptance (Doc. #16) filed on May 9, 2022.

Plaintiff's Complaint (Doc. #1) alleges that defendant has miscalculated his rate of pay and failed to pay him overtime pay for three years, in violation of the Fair Labor Standards Act (FLSA). Defendant's Offer of Judgment (Doc. #14-1), served on April 21, 2022, provides for judgment in favor of plaintiff in the amount of $540 without any admissions of wrongdoing:

> to resolve all wage and overtime claims that
> have been or may be asserted by Plaintiff in
> this action arising out of the incident or
> incidents that gave rise to the Complaint,
> including claims for compensatory, punitive,
> consequential and/or liquidated damages, and
> any other form of legal or equitable relief
> that Plaintiff is demanding, or that Plaintiff
> could demand, regardless of merit or

entitlement, exclusive of attorneys' fees and
costs.

(Doc. #14-1.)  Plaintiff's Acceptance accepts the $540 but adds
that plaintiff will file a motion seeking attorney's fees and costs
after entry of judgment.  (Doc. #14.)  The Corrected Notice
declares that "pursuant to this Court's instructions during the
April 27, 2022, hearing before Magistrate Judge Irick", the Offer
of Judgment "represents a fair and reasonable compromise of his
claims for wages and liquidated damages claimed under the Fair
Labor Standards Act."  (Doc. #16.)

Judge Irick is not the magistrate judge assigned to this case
and has issued no instruction about it.  In any event, the
conclusory language of the Corrected Notice fails to provide
sufficient information to allow a district court to substantially
comply with the requirements of Lynn's Food Stores, Inc. v. U.S.
By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage &
Hour Div., 679 F.2d 1350 (11th Cir. 1982).  See also Freeman v.
Wireless Retail Servs., Inc., No. 607-CV-1978-ORL19KRS, 2009 WL
1107757, at *2 (M.D. Fla. Apr. 23, 2009) ("An Offer of Judgment
pursuant to Rule 68 does not absolve the Court of its duty to
examine the fairness of a settlement and the reasonableness of
fees and costs awarded to a plaintiff."); Bell v. James C. Hall,
Inc., No. 6:16-CV-218-ORL-41TBS, 2016 WL 5339706, at *2 (M.D. Fla.
Aug. 16, 2016), report and recommendation adopted, No. 6:16-CV-

218-ORL-41TBS, 2016 WL 5146318 (M.D. Fla. Sept. 21, 2016)(the court must examine if there was an "independent, valuable consideration in exchange for a general release").

Additionally, the Court questions whether the actual offer was accepted. "Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds." Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983), holding modified by Gaines v. Dougherty Cnty. Bd. of Educ., 775 F.2d 1565 (11th Cir. 1985). See also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1244 (11th Cir. 2002) ("Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror," and any ambiguity is construed against the drafter.).

In this case, defendant offered $540 to settle the case inclusive of liquidated damages, and "any other form of legal or equitable relief that Plaintiff is demanding, or that Plaintiff could demand". Plaintiff "accepted" $540 plus the opportunity to receive an additional amount for attorney fees.

Because the acceptance is legally insufficient, the Clerk of the Court shall not enter judgment as otherwise required by Rule 68(a).

Accordingly, it is hereby

**ORDERED:**

Since Plaintiff's Acceptance of Defendant's Offer of Judgment (Doc. #14) is legally insufficient, no judgment may be entered based upon the purported acceptance of an offer of judgment.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of May 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

- 4 -